IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02111-GPG

**FRANK VIGIL, JR.**,

    Plaintiff,

v.

**CENTRAL CLASSIFICATION COMMITTEE**;
**ANGEL MEDINA**, Assistant Director of Prisons Operations;
**RICK RAEMISCH**, Executive Director - Colorado Department of Corrections,

    Defendants.

**ORDER DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT**

Plaintiff, Frank Vigil, Jr., is a prisoner currently in custody at the Virginia Red Onion State Prison located in Pound, Virginia.  Mr. Vigil initiated this action by filing a complaint claiming that he has been retaliated against due to a previous lawsuit he filed in 2009.  Plaintiff filed an amended complaint on October 19, 2015 (ECF No. 22).

The court must construe the amended complaint liberally because Mr. Vigil is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Mr. Vigil will be ordered to file a second amended complaint if he wishes to pursue his claims in this action.

As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined that the amended complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the

claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Vigil asserts jurisdiction pursuant to 42 U.S.C. § 1983, which "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Construing the complaint liberally, it appears that Mr. Vigil is asserting a constitutional claim pursuant to First Amendment alleging that he has been retaliated against for pursuing an earlier lawsuit in this Court in 2009. The law is well established that prison officials may not retaliate against or harass an inmate because he has exercised his constitutional rights, including engaging in the grievance process. *See, Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). This prohibition is applicable even where the action taken in retaliation would be otherwise permissible. *Id.* (citing *Smith v.*

*Maschner*, 899 F.2d 940, 947 (10th Cir. 1990)). Nonetheless, it is not the role of the federal judiciary to scrutinize and interfere with the daily operations of a state prison and the restriction on retaliation does not change this role. *Id.* Simply by engaging in protected activity an inmate does not become inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison. *Id.* Thus, a prisoner alleging retaliation must prove that but for the retaliatory motive, the incidents he claims were retaliatory, including disciplinary action, would not have taken place. *Id.* at 949–50.  In addition an inmate must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights. *Peterson*, supra at 1145.

Thus, to establish a retaliation claim Plaintiff must demonstrate:  1) he was engaged in constitutionally protected activity; 2) defendant's actions caused plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and 3) defendant's adverse action was substantially motivated as a response to plaintiff's exercise of constitutionally protected conduct.  *Allen v. Corrections Corp. of America*, 524 F. App'x 460, 463 (10th Cir. 2013) (citing *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007)).  To support a claim of unconstitutional retaliation, a plaintiff's complaint may not be conclusory.  It must allege specific facts that show retaliation because of the exercise of prisoner's constitutional rights.  *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990). Plaintiff must produce evidence of improper motive in order to suceed. *Smith v. Maschner*, 899 F.2d 940, 948 n. 4 (10th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57 (1986)).  Because the ultimate fact of retaliation is about defendants' state of mind, it is particularly difficult to establish by direct evidence. Therefore, improper motive can be

shown with circumstantial evidence, such as the close temporal proximity of the retaliatory act to the protected activity. *Maschner*, 899 F.2d at 948–49. Moreover, the Court notes that Plaintiff has no entitlement to be placed in any particular penal institution to serve his sentence. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976).

Thus, in order to comply with Rule 8, Mr. Vigil must identify the specific constitutional claims he is asserting, the specific factual allegations that support each claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights under the particular constitutional provision. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "**a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated**") (emphasis added).

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

To the extent Mr. Vigil asserts a constitutional claim against an individual, he must allege specific facts that demonstrate how that individual personally participated in

the asserted constitutional violation.  *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential").  Furthermore, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Although a defendant can be liable in a § 1983 action based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind.  *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).

Plaintiff fails to provide a short and plain statement of his claims showing that he is entitled to relief.  The complaint is repetitive, prolix, and fails to assert personal participation.  *See Hart v. Salois*, 2015 WL 1020369, *5,  — F. App'x — (10th Cir. Mar. 10, 2015) (Plaintiff's "multiple collective allegations against the defendants and corresponding failure to identify each individual defendant's culpable actions only exacerbated this significant deficiency.").  Defendants are not required to "piece together the plaintiff's complaint."  *See Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) (internal quotations omitted).  It is not the Court's responsibility to sift through the attached documents to determine whether Plaintiff has a claim.

Moreover, any claim against the Central Classification Committee is barred by the Eleventh Amendment.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).  "It is well established that absent an unmistakable waiver by the state of its

Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994).

Although the Eleventh Amendment does not bar a federal court action so long as the plaintiff seeks in substance only prospective relief and not retrospective relief for alleged violations of federal law, Plaintiff must assert a claim for prospective relief against individual state officers. *Verizon Maryland v. Public Service Commission of Maryland*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)); *Hill v. Kemp*, 478 F.3d 1236 (10th Cir. 2007). Plaintiff does not name any individual state officers as Defendants.

Finally, because Mr. Vigil must clarify the claims he is asserting, he will be directed to file an amended complaint on the complaint form approved for use by prisoners in the District of Colorado. Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website." Accordingly, it is

**ORDERED** that Mr. Vigil file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order. It is

**FURTHER ORDERED** that the Clerk of Court mail Mr. Vigil a copy of the court-approved Prisoner Complaint form along with the applicable instructions. It is

**FURTHER ORDERED** that, if Mr. Vigil fails to file a second amended complaint

that complies with this order within the time allowed, the claims that do not comply with the pleading requirements of Rule 8 will be dismissed without further notice.

DATED December 11, 2015, at Denver, Colorado.

BY THE COURT:

/s Gordon P. Gallagher
Gordon P. Gallagher
United States Magistrate Judge